UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **DIA GOWENS**, Plaintiff, vs. **CREDIT CONTROL, LLC**, Defendant. | 2:21-CV-12222-TGB <br><br> **ORDER REGARDING MOTION TO DISMISS** |

The Court has reviewed the pending motion to dismiss (ECF No. 12). In the motion, Defendant argues, in part, that the complaint does not plead sufficiently detailed or specific factual allegations and is, therefore, defective for failing to articulate a plausible claim, as required by the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

To promote judicial economy and "the just, speedy, and inexpensive determination" of the action, Fed. R. Civ. P. 1, the Court advises the parties of its view that a party whose pleading faces a motion to dismiss should assess whether alleged deficiencies may be cured by an amended pleading, so that the Court and the parties are not required to address the sufficiency of a pleading more than once. The parties are further advised that if a party does not currently utilize the opportunity to amend and instead opposes the motion to dismiss, the Court will take that fact

into account should the motion to dismiss be granted and the opposing party then files a motion for leave to amend.

Accordingly, Plaintiff may file an amended complaint within 21 days from the filing of the motion to dismiss, either as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B), or pursuant to leave now granted, if the prerequisites of Fed. R. Civ. P. 15(a)(1)(B) have not been met. If Plaintiff timely files an amended complaint, the Court will deny without prejudice the currently pending motion to dismiss (ECF No. 12) as moot. If Plaintiff does not timely file an amended complaint, Plaintiff shall file a response to the motion in accordance with the time limits set forth in the local rules, and the Court will decide the motion.

**DATED** this 4th day of January, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge