**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| DIA GOWENS, on behalf of herself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC, a Missouri Limited Liability Company,<br><br>   Defendant. | No.: 2:21-CV-12222-TGB-EAS<br><br>Hon. Terrence G. Berg<br><br>Mag. Judge Elizabeth A. Stafford |

**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Dia Gowens, on behalf of herself and all others similarly situated, through counsel, files this First Amended Class Action Complaint against Credit Control, LLC (hereinafter "Credit Control" or "Defendant") and states as follows:

**NATURE OF THE ACTION**

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Michigan Regulation of Collection Practices, MCL § 445.252 *et seq.*

2. Defendant used numerous false, deceptive and misleading representations, engaged in conduct that harassed, oppressed and abused consumers, and utilized unfair and unconscionable means in attempting to collect debt and/or collecting debt in its written communications to consumers by using different account numbers in separate collection letters for a single debt purportedly owed by a consumers that caused consumers confusion, and by attempting to collect or collecting the same purported debt twice.

3. This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all consumers that received such communications from Credit Control in violation of Federal and Michigan law as further set forth herein.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Credit Control pursuant to, *inter alia*, 28 U.S.C. §§ 1331 (federal question), 1441 (removal), and 1367 (supplemental jurisdiction).

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) because Credit Control regularly transacts business within the State of Michigan; and a substantial part of the events giving rise to the claims took place in this district.

## PARTIES

6. Plaintiff Dia Gowens is a citizen and resident of Michigan and resides in Ingham County.

7. Plaintiff is a "consumer" as that term is defined in by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "consumer" and a "debtor" as those terms are defined by MCL § 445.251(d).

9. Defendant Credit Control, LLC is a Missouri corporation existing under the laws of the State of Missouri, with a principal office and place of business at 5757 Phantom Drive, Suite 330 Hazelwood, Missouri 63042-2429. Defendant transacts business in this state and throughout the country. Defendant can be served through its registered agent at its registered office in Michigan, The Corporation Company, 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan 48170.

## FACTUAL ALLEGATIONS

14. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6) and a regulated

person under MCL § 445.251(g).

15. Defendant is regularly engaged in the business of collecting debt allegedly owed by consumers to others for profit in the State of Michigan. Its employees, affiliates, directors, agents, vendors, and attorneys act under the direction and supervision of Defendant within the scope of their actual or apparent authority. Therefore, Defendant is responsible and/or vicariously liable for the actions of its employees, affiliates, directors, agents, vendors and attorneys under, *inter alia*, the theory of *Respondeat Superior*. All references to Defendant mean Defendant, its owners, officers, agents, and/or employees.

16. The principal purpose of Defendant's business is debt collection.

17. Defendant uses the instrumentalities of intrastate and interstate commerce, including telephone and mail, in furtherance of its debt collection business.

18. Defendant alleges Plaintiff owes debts ("Debt" or "Debts").

19. The Debt is a purported obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

20. The Debt does not arise from any business enterprise of Plaintiff.

21. The Debt is "debt" as that term is defined in 15 U.S.C. § 1692a(5).

22. At an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

23. Upon information and belief, at time the Debt was assigned or otherwise transferred to Defendant for collection, the Debt was in default.

24. In effort to collect the Debt, Defendant contacted Plaintiff by written correspondence on multiple occasions.

25. Much of the information in Defendant's written correspondence was false, deceptive and misleading.

26. For example, as part of its efforts to collect Debt from Plaintiff Gowens, Defendant mailed at least four collection letters to Plaintiff.

27. On July 31, 2020, Defendant mailed a collection letter to Plaintiff.

28. A true and correct copy of the collection letter dated July 31, 2020 is attached hereto as Exhibit A.

29. In its July 31, 2020 letter, Defendant represented it was attempting to collect $1,899.54 from Plaintiff on account number 28544630.

30. On February 1, 2021, Defendant mailed another collection letter to Plaintiff.

31. A true and correct copy of the collection letter dated February 1, 2021 is attached hereto as Exhibit B.

32. In its February 1, 2021 letter, Defendant represented it was attempting to collect the exact same amount as the July 31, 2020 letter, $1,899.54, on a different account number, account 29852730.

33. On June 30, 2020, Defendant mailed an additional collection letter to Plaintiff.

34. A true and correct copy of the collection letter dated June 30, 2020 is attached hereto as Exhibit C.

35. In its June 30, 2020 letter, Defendant represented it was attempting to collect $3,976.81 from Plaintiff on account number 28321573.

36. On November 24, 2020, Defendant mailed a similar collection letter to Plaintiff.

37. A true and correct copy of the collection letter dated November 24, 2020 is attached hereto as Exhibit D.

38. In its November 24, 2020 letter, Defendant represented it was attempting to collect the exact same amount as the June 30, 2020 letter, $3,976.81, on a different account number, account 29405850.

39. The letters referenced in the above paragraphs are referred to hereafter as the "Letters" or "Letter."

40. The Letters discussed throughout this Complaint are form letters that Defendant routinely sends to all or substantially all consumers in attempting to collect or collecting debt.

41. The account numbers referred to in paragraphs 29, 32, 35 and 38 above are not the same as internal reference numbers.

42. A copy of a letter Credit Control disseminates identifying an internal reference number is attached hereto as Exhibit E.[1]

43. Plaintiff disputed the initial debt collection attempts on account number 28321671 on July 9, 2020 and demanded verification and proof of Defendant's claim.

44. A true and correct copy of the above referenced dispute letter and demand for verification dated July 9, 2020 is attached hereto as Exhibit F.

45. Plaintiff disputed initial debt collection attempts on account number 28544630 on August 26, 2020 and demanded verification and proof of Defendant's claim.

46. A true and correct copy of the above referenced dispute letter and demand for verification dated August 26, 2020 is attached hereto as Exhibit G.

47. Defendant did not respond to the dispute letters with demand for verification and proof of claim.

---

[1] Plaintiff has redacted the personal information contained in the attached letter as the recipient is not a Plaintiff in this action.

48. Instead of responding to the dispute letters, Defendant made a second collection attempt on the same amounts with a different account number.

49. Upon information and belief, Defendant utilizes multiple account numbers in an attempt to, amongst other things, confuse and frustrate consumers so they cannot determine which account balance to pay down, as well as collect the same debt twice from consumers on a routine and systematic basis.

50. Each of the Letters Defendant mailed to Plaintiff is a "communication" as defined in 15 U.S.C. § 1692a(2) because those communications were made for the purpose of facilitating collection of alleged debt.

51. Defendant's transmission of collection Letters with different account numbers for the same Debts to Plaintiff was conduct the natural consequences of which was to oppress and abuse consumers because the least sophisticated consumer receiving these letters demanding payment of the same debt on two different accounts would believe that Defendant was attempting to collect the same Debt twice. Such conduct causes consumers severe confusion and frustration because a consumer would not know which account to direct payment to in order to satisfy their Debt. Therefore, Defendant violated 15 U.S.C. § 1692d and MCL § 445.252(n)

52. Defendant's transmission of collection Letters with different account numbers for the same Debts to Plaintiff was also a materially false representation of the character and amount of Debt Plaintiff owed because the Letters represented the same Debt was owed on two different accounts and the least sophisticated consumer would believe that Defendant was attempting to collect on both account numbers. The Letters with differing account numbers also contained materially false representations in an attempt to collect Debt from consumers because only one of the account numbers could be the correct account number for the Debt that Defendant attempted

to collect in its Letters. Therefore, Defendant violated 15 U.S.C. §§ 1692e(2)(A) & (10) and MCL § 445.252(e).

53.     Defendant's transmission of collection Letters with different account numbers for the same Debt to Plaintiff was also an unfair and/or unconscionable practice in that the Letters with the different account numbers for the same Debt would be understood by the least sophisticated consumer as an attempt to collect the same debt twice, which was not expressly authorized by any agreement creating the debt and is not permitted by law. Therefore, Defendant violated 15 U.S.C. § 1692f(1).

54.     Defendant's violations of the FDCPA and Michigan Regulation of Collection Practices Act caused consumers severe anxiety and confusion and frustrated their ability to extinguish their debt because the least sophisticated consumer would not know which collection account to direct payment to satisfy the single Debt Defendant attempted to collect twice using different account numbers.

55.     Defendant did not take any steps or adopt any procedures to prevent the misleading communications.

## CLASS ACTION ALLEGATIONS

56.     The forgoing allegations are hereby reincorporated by reference as if fully restated herein.

57.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of the proposed classes enumerated in Paragraph 58 under Class Definitions.

58.     **Class Definitions.** Plaintiff brings this case for on behalf of the following class and sub-class:

**MI Class**: All consumers throughout the State of Michigan to whom the Defendant sent two or more of the form letters identified in this complaint that represented the same Debt was owed on more than one collection account number within the relevant statute of limitations period prior and to the filing of the original Complaint in this action.

**FDCPA Subclass:** All consumers throughout the State of Michigan to whom the Defendant sent two or more of the form letters identified in this complaint that represented the same Debt was owed on more than one collection account number on or after a date one (1) year prior to the filing of the original Complaint in this action.

59. Excluded from the classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Defendant and any entity in which Defendant has a controlling interest and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the classes.

60. **Numerosity**. Plaintiff is unable to provide a specific number of members in each of the classes because that information is solely in the possession of Defendant. However, the exact number of Class Members, including the names and addresses of all Class Members, will be easily ascertained through a review of Defendant's business records. Upon information and belief, each class contains at least hundreds of consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

61. **Commonality**. Common questions of law and fact predominate over any individual issues that may be presented, because Defendant uses the same form letters and collection account duplication practices in communicating with all consumers from whom it collects or attempts to collect debt. Common questions include, but are not limited to:

    a. Whether Defendant's collection Letters are form letters;

    b.    Whether Defendant gave consumers the false impression of the character and/or amount of any Debt by transmitting Letters to consumers attempting to collect the same amounts under different collection account numbers;

    c.    Whether Defendant's use of different collection account numbers for the same Debt constitutes a materially false, deceptive, or misleading representation or means in connection with the attempt to collect any debt;

    d.    Whether Defendant's use of different collection account numbers for the same Debt is conduct the natural consequences of which was is to harass, oppress, and/or abuse a consumer in connection with the attempt to collect debt;

    e.    Whether the least sophisticated consumer would be frustrated and/or confused by Defendant's use of different collection account numbers in attempting to collect the same Debt and, as a result, be unable to determine which account to direct payment to in order to extinguish their debt;

    f.    Whether Defendant violated the FDCPA; and

    g.    Whether Defendant violated the Michigan Regulation of Collection Practices Act.

62.    **<u>Typicality</u>**. The claims of Plaintiff are typical of the claims of the proposed class and sub-class, and all are based on the same facts and legal theories, as all such claims arise out of Defendant's conduct.

63.    **<u>Adequacy of Representation</u>**. Plaintiff is an adequate representative of the classes in that she does not have antagonistic or conflicting claims with other members of the classes. Plaintiff have retained counsel experienced in the prosecution of complex class actions,

specifically including experience with consumer class actions.

64. Neither Plaintiff nor counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of her responsibilities to the putative class and have accepted such responsibilities.

65. **Predominance and Superiority**: The classes are appropriate for certification because questions of law and fact common to the members of the classes predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the classes is impracticable. Should individual class members be required to bring separate actions, this Court or courts in other jurisdictions would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

### FIRST CAUSE OF ACTION
**Violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*
(On behalf of the FDCPA Sub-Class)**

66. The forgoing allegations are hereby incorporated by reference as if fully set forth herein.

67. Defendant acts as a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

68. Defendant acted as a "debt collector" in contacting Plaintiff.

69. Plaintiff and all members of the classes are "consumers," as defined by the FDCPA,

15 U.S.C. § 1692a(3), since they are natural persons allegedly obligated to pay a consumer debt.

70. At all material times, Plaintiff's debt and the debts of the class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

71. For the reasons stated above, Defendant violated 15 U.S.C. § 1692d (preamble) by transmitting Letters to Plaintiff with different account numbers for the same Debt.

72. For the reasons stated above, Defendant violated 15 U.S.C. §§ 1692e(2)(A) & (10) by transmitting Letters to Plaintiff with different account numbers for the same Debt.

73. For the reasons stated above, Defendant violated 15 U.S.C. § 1692f(1) by transmitting Letters to Plaintiff with different account numbers for the same Debt.

74. Defendant's transmission of Letters to Plaintiff with different account numbers caused concrete injury to Plaintiff and Class Members because the least sophisticated consumer would not know which collection account to direct payment to in order to satisfy the single Debt that Defendant attempted to collect twice using different account numbers.

75. As a result of Defendant's unlawful conduct, Plaintiff and the class members are entitled to actual and statutory damages, reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
**Michigan Regulation of Collection Practices Act, MCL § 445.251 *et seq.*
(on behalf of the Michigan Class)**

76. The foregoing allegations are hereby incorporated by reference as if fully restated herein.

77. Credit Control is a regulated person under MCL 445.251(g).

78. Plaintiff and Class Members are "consumers" and "debtors" as those terms are defined in MCL § 445.251(d).

79. MCL § 445.252(e) prohibits regulated persons from "[m]aking an inaccurate,

misleading, untrue, or deceptive statement or claim in a communication to collect a debt…"

80. Credit Control violated MCL § 445.252(e) by transmitting Letters with different account numbers for the same debt to Plaintiff because Defendant falsely represented that the same debt was owed twice on two different accounts when in fact only one of the account numbers could be the correct account number for the Debt that Defendant attempted to collect in its letters.

81. MCL § 445.252(n) prohibits regulated persons from "[u]sing a harassing, oppressive or abusive method to collect debt."

82. Credit Control violated MCL § 445.252(n) by sending consumers Letters with different collection account numbers for the same Debt, the natural consequence of which was to oppress and abusive because a consumer receiving these letters demanding payment for the same Debt on two different accounts would believe that Defendant was attempting to collect the same Debt twice, which caused Plaintiff and Class Members severe frustration because a consumer would not know which account to direct payment to in order to satisfy their single Debt.

83. Defendant has collected or attempted to collect money from Plaintiff and Class Members using a method, act, or practice in violation of the Michigan Regulation of Collection Practices.

84. Plaintiff and Class Members have suffered injury, loss or damages by the using a method, act, or practice in violation of the Michigan Regulation of Collection Practices. Defendant's conduct as described above caused concrete injury to Plaintiff and Class Members by causing consumers extreme frustration and confusion because consumers would not know how to satisfy a single Debt that Defendant is attempting to collect twice using two different account numbers.

85. Credit Control's violations of the Michigan Regulation of Collection Practices as

alleged herein were and are willful.

86. As a result of Credit Control's violation of the Michigan Regulation of Collection Practices, as alleged herein, Plaintiff and Class Members are entitled to recover statutory damages – including civil fines – from Credit Control of $150 or more per Class Member pursuant to MCL §§ 445.257(1) & (2).

87. Plaintiff and the Class are also entitled to recover their reasonable attorney's fees and costs pursuant to MCL § 445.257(2).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and all others similarly situated pray the Court for the following judgment as set forth below

    a.    Certifying this action (including the Michigan Class and FDCPA Sub-Class) as a class action, appointing Plaintiff as class representative, and appointing the undersigned as Class Counsel;

    b.    Finding Defendant violated the FDCPA;

    c.    Finding that Defendant violated the Michigan Regulation of Collection Practices;

    d.    Finding that Defendant's violations of state and federal law were and are willful;

    e.    Adjudging the Defendant liable under the causes of action asserted above, and awarding Plaintiff and Class Members actual and statutory damages pursuant to 15 U.S.C. § 1692k and MCL § 445.257(2);

    f.    Awarding Plaintiff and Class Members their reasonable attorney's fees and costs pursuant to the FDCPA and Michigan Regulation of Collection Practices;

    g.    That the compensatory damages of Plaintiff and Class Members be trebled pursuant

    to MCL § 445.257(2);

h. That the costs of this action be taxed against Defendant;

i. For a trial by jury on all issues so triable;

j. Awarding pre- and post-judgment interest as allowed by law; and

k. For such other and further relief as the Court deems just and proper.

<b><u>JURY TRIAL DEMANDED</u></b>

Plaintiff demands a trial by jury on all claims so triable.

              **FINK BRESSACK**

Dated: January 20, 2022    /s/ *David H. Fink*
              David H. Fink (P28235)
              Nathan J. Fink (P75185)
              38500 Woodward Avenue, Suite 350
              Bloomfield Hills, Michigan. 48304
              Telephone: (248) 971-2500
              dfink@finkbressack.com
              nfink@finkbressack.com

              **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

              Scott C. Harris
              900 W. Morgan Street
              Raleigh, North Carolina 27603
              Telephone: (919) 600-5000
              sharris@milberg.com

              Adam H. Cohen
              100 Garden City Plaza, Suite 500
              Garden City, New York. 11530
              Telephone: (212) 594-5300
              acohen@milberg.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on January 20, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record registered for electronic filing.

                                              **FINK BRESSACK**

                                          /s/ Nathan J. Fink
                                          Nathan J. Fink (P75185)
                                          FINK BRESSACK
                                          38500 Woodward Avenue; Suite 350
                                          Bloomfield Hills, MI 48304
                                          Telephone: (248) 971-2500
                                          nfink@finkbressack.com